**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

| | | |
|---|---|---|
| RYAN MACAULAY,<br><br>Petitioner-Appellant<br><br>ANDREA MACAULAY,<br><br>Petitioner-Appellant<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE<br><br>Respondent-Appellee | ) | No. 24-1714 |

## MOTION TO DISMISS UNTIMELY APPEAL FOR LACK OF APPELLATE JURISDICTION

Under Federal Rule of Appellate Procedure 27(a) and Local Rule 27(f)(2), the Commissioner of Internal Revenue moves to dismiss this untimely appeal from the United States Tax Court for lack of jurisdiction.

## STATEMENT

On April 24, 2024, the Tax Court entered an order dismissing this income tax deficiency case for lack of jurisdiction under 26 U.S.C. (I.R.C.) § 6213(a). (ECF No. 5-1 at 3, appended as Ex. A; ECF No. 5-2 at 80-82, appended as Ex. B.) That final, appealable order disposed of all the Macaulays' claims below.

By statute, the Macaulays' notice of appeal was due by July 23, 2024—i.e., "within 90 days after the decision of the Tax Court [was] entered." I.R.C. § 7483; Fed. R. App. P. 13(a)(1)(A). The Macaulays, however, electronically filed their notice of appeal with the Tax Court on July 25, 2024 (ECF No. 5-2 at 83-87, appended as Ex. C), which was two days too late.

**ARGUMENT**

"Pursuant to 26 U.S.C.A. § 7481(a)(1) . . . , a decision of the tax court becomes final upon expiration of the time allowed for filing a notice of appeal." *Spencer Med. Assocs. v. Commissioner*, 155 F.3d 268, 269 (4th Cir. 1998). "A party must file a notice of appeal within 90 days after the tax court enters its decision." *Id.* (citing I.R.C. § 7483 and Fed. R. App. P. 13(a)). And "[w]hen a notice of appeal from the tax court's decision has not been timely filed, an appellate court lacks jurisdiction to hear the appeal." *Id.* (citing cases); *see, e.g.*, *Shuman v. Commissioner*, 840 F. App'x 752, 753 (4th Cir. 2021) (per curiam). This strict appeal deadline cannot be tolled unless a taxpayer timely files a motion for reconsideration in the Tax Court. *See* Fed. R. App. P. 13(a)(1)(B); *see also Spencer Med. Assocs.*, 155 F.3d at 270.

Here, the Macaulays missed their 90-day deadline to appeal the Tax Court's dismissal order. They likewise never sought reconsideration of that order. (*See* ECF No. 5-1 at 3, appended as Ex. D.) So by statute and rule, their appeal is untimely. And because the appeal deadline is jurisdictional, this Court lacks jurisdiction here and should now dismiss this case with prejudice.

## CONCLUSION

For these reasons, the Court should dismiss this untimely appeal for lack of appellate jurisdiction.

Respectfully submitted,

/s/ Isaac B. Rosenberg
ISAAC B. ROSENBERG (202) 514-2426
*Attorney*
*Department of Justice*
*Tax Division*
*Post Office Box 502*
*Washington, D.C. 20044*

August 16, 2024

## Index of Appended Exhibits

| | |
|---|---|
| Exhibit A | Tax Court docket |
| Exhibit B | Tax Court's order of dismissal, dated Apr. 24, 2024 |
| Exhibit C | Notice of appeal, filed July 25, 2024 |

# EXHIBIT A



**United States Tax Court**
Washington, DC 20217

Ryan Macaulay & Andrea Macaulay, Petitioners v. Commissioner of Internal Revenue, Respondent | Docket No. 2839-23

## Printable Docket Record

| Name | Counsel |
|---|---|
| Ryan Macaulay | None |
| Andrea Macaulay | None |

| Respondent Counsel | Respondent Counsel Contact |
|---|---|
| Ka (Matt) Tam | ka.c.tam@irscounsel.treas.gov<br>202-803-9699 |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| 1 | 03/07/23 | P | **Petition** | Petrs. Ryan Macaulay & Andrea Macaulay | | 03/08/23 | R |
| 2 | 03/07/23 | RQT | **Request for Place of Trial at Washington, District of Columbia** | | | | |
| 3 | 03/08/23 | NOTR | **Notice of Receipt of Petition** | | | 03/08/23 | P |
| 4 | 03/08/23 | OF | **Order for Filing Fee on 04-07-2023** | | | 03/08/23 | B |
| 5 | 03/09/23 | FEE | **Filing Fee Paid** | | | | |
| 6 | 04/12/23 | M073 | **Motion to Dismiss for Lack of Jurisdiction (C/S 04/12/23) (Attachment(s))** (C/S 04/12/23) (Attachment(s)) | Resp. | ORD 4/24/24 | 04/12/23 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| 7 | 04/14/23 | O | **Order petrs. by 5/5/23 file an Objection to resp. Motion to Dismiss for Lack of Jurisdiction.** | | | 04/14/23 | B |
| 8 | 05/05/23 | RSP | **Response to Motion to Dismiss for Lack of Jurisdiction (C/S 05/05/23) (Attachment(s))** (C/S 05/05/23) (Attachment(s)) | Petrs. Ryan Macaulay & Andrea Macaulay | | 05/05/23 | B |
| 9 | 05/08/23 | NODC | **Notice of Docket Change for Docket Entry No. 8** | | | 05/08/23 | B |
| 10 | 05/08/23 | O | **Order resp. by 5/31/23 file a Reply to petr. response to Motion to Dismiss for Lack of Jurisdiction.** | | | 05/08/23 | B |
| 11 | 05/22/23 | REPL | **Reply to Response to Motion to Dismiss for Lack of Jurisdiction (C/S 05/22/23) (Attachment(s))** (C/S 05/22/23) (Attachment(s)) | Resp. | | 05/22/23 | B |
| 12 | 05/30/23 | M115 | **Motion for Leave to File Sur-Reply to Reply to Response to Motion to Dismiss for Lack of Jurisdiction** | Petrs. Ryan Macaulay & Andrea Macaulay | ORD 6/1/23 | 05/30/23 | B |
| 13 | 06/01/23 | O | **Motion for Leave to File GRANTED - Petitioners' Sur-Reply due on or before June 22, 2023** | | | 06/01/23 | B |
| 14 | 06/22/23 | SURP | **Sur-Reply to Reply to Response to Motion to Dismiss for Lack of Jurisdiction** | Petrs. Ryan Macaulay & Andrea Macaulay | | 06/22/23 | B |
| 15 | 04/24/24 | ODJ | **Order of Dismissal for Lack of Jurisdiction Entered, Chief Judge Kerrigan resp. motion is granted and this case is** | | | 04/24/24 | B |

| No. | Date | Event | Filings and proceedings | Filed by | Action | Served | Parties |
|---|---|---|---|---|---|---|---|
| | | | **dismissed for lack of jurisdiction.** | | | | |
| 16 | 07/25/24 | NOA | **Notice of Appeal for the 4th Circuit (NO FEE)** (NO FEE) | Petrs. Ryan Macaulay & Andrea Macaulay | | 07/25/24 | B |
| 17 | 07/29/24 | NOT | **Notice of filing of notice of appeal to Court of Appeals** | | | 07/29/24 | B |
| 18 | 08/07/24 | ROA | **Record on Appeal E-filed for the 4th Circuit** | | | | |

# EXHIBIT B



# United States Tax Court
Washington, DC 20217

RYAN MACAULAY & ANDREA MACAULAY,
Petitioners
v.
COMMISSIONER OF INTERNAL REVENUE,
Respondent

Docket No. 2839-23

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

Currently pending before the Court is respondent's Motion to Dismiss for Lack of Jurisdiction, filed April 12, 2023. As grounds for his motion, respondent asserts that the Petition was not filed within the time prescribed in the Internal Revenue Code (I.R.C.). On May 5, 2023, petitioners filed a Response to Motion to Dismiss for Lack of Jurisdiction, objecting to the granting of respondent's motion. On May 22, 2023, respondent filed a Reply to Response to Motion to Dismiss for Lack of Jurisdiction and, thereafter, on June 22, 2023, petitioners filed a Sur-Reply to Reply to Response to Motion to Dismiss for Lack of Jurisdiction.

Like all federal courts, the Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. *See* I.R.C. §7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). Where, as here, this Court's jurisdiction is duly challenged, our jurisdiction must be affirmatively shown by the party seeking to invoke that jurisdiction. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *Romann v. Commissioner*, 111 T.C. 273, 280 (1998); *Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975). To meet this burden, the party "must establish affirmatively all facts giving rise to our jurisdiction." *David Dung Le, M.D., Inc.*, 114 T.C. at 270.

In a case seeking redetermination of a deficiency, our jurisdiction depends on the issuance of a valid notice of deficiency and the timely filing of a petition. *See* I.R.C. §§6212 and 6213; *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126, 130 n.4 (2022) (collecting cases). In order to be timely, a petition must be filed within 90 days, or 150 days if addressed to a person outside the United States, of the date of mailing of the notice of deficiency, as prescribed by I.R.C. section 6213(a). *Estate of Cerrito v. Commissioner*, 73 T.C. 896, 898 (1980).

The notice of deficiency is sufficient if mailed to the taxpayer's last known address. *See* I.R.C. §6212(b). Absent clear and concise notification to the Internal Revenue Service (IRS) of a different address, a taxpayer's last known address is the address appearing on the taxpayer's most recently filed and properly processed tax

**Entered and Served 04/24/24**

return. *See* §301.6212-2(a), Proced. & Admin. Regs.; *King v. Commissioner*, 857 F.2d 676, 680 (9th Cir. 1988), *aff'g* 88 T.C. 1042 (1987). The taxpayer bears the burden of proving that the notice of deficiency was not sent to the taxpayer's last known address. *Yusko v. Commissioner*, 89 T.C. 806, 808 (1987). The statute does not require that respondent prove delivery or actual receipt of the notice of deficiency. *See Monge v. Commissioner*, 93 T.C. 22, 33 (1989). Where the existence of the notice of deficiency is not disputed, a properly completed Postal Service Form 3877 (certified mail list) by itself is sufficient, absent evidence to the contrary, to establish that the notice was properly mailed to a taxpayer. *Coleman v. Commissioner*, 94 T.C. 82, 91 (1990).

Here, the record reflects that duplicate notices of deficiency for petitioners' 2020 tax year were sent by certified mail to petitioners' last known address, the same address used by petitioners in filing their Petition, on December 5, 2022. Respondent has provided a copy of the relevant page of the certified mail list which bears a postmark date of December 5, 2022. Respondent also has provided a copy of the certified mail tracking information from the United States Postal Service's website showing that mail with the tracking numbers associated with the notices of deficiency mailed to petitioners was in the possession of the USPS on December 5, 2022. Based on the mailing date of December 5, 2022, the 90-day period in which to file a Tax Court petition expired on March 6, 2023. Petitioners electronically filed their Petition on March 7, 2023, at 8:56 p.m. Eastern Time--one day late.

In opposition to the motion to dismiss, petitioners advance a number of arguments as to why the motion should be denied. Petitioners assert that a Google search using the USPS tracking numbers associated with one of the duplicate notices of deficiency shows that, on December 5, 2022, only a tracking number had been created with the USPS. Petitioners state this suggests that the notices of deficiency were mailed on a date later than December 5, 2022. We are satisfied, however, that the certified mail list and the tracking information from the USPS website establish that the notices of deficiency on which this case is based were mailed to petitioners on December 5, 2022.

Petitioners also argue that the time for filing should be extended because they did not receive a copy of the notice of deficiency until January 19, 2023. As discussed above, however, when proper mailing is demonstrated the statute does not require respondent to prove delivery or actual receipt of the notice of deficiency. Furthermore, it appears petitioners actually received the notice of deficiency with sufficient time to timely file their Petition.

Petitioners additionally assert that a Notice CP 22A ("Changes to your 2020 Form 1040") relating to their 2020 tax year that was issued to them in April 2023 demonstrates that the timely filing period did not expire on March 6, 2023, and they actually had more time within which to file their Petition. Petitioners cite no authority for this assertion, however, and we know of none that supports their position.

Petitioners further contend that the 90-day timely filing period should be determined by counting only business days, rather than calendar days. However, in

*McGuire v. Commissioner*, 52 T.C. 468, 469 (1969), this Court held that the time periods set forth in I.R.C. section 6213(a) are properly determined by counting calendar days, except where the last day of the period falls on a Saturday, Sunday, or holiday in the District of Columbia in which case the last day is moved to the next business day.

Finally, petitioners urge us to apply the doctrine of equitable tolling to extend the filing period, citing the decision of the Supreme Court in *Boechler, P.C. v. Commissioner*, 596 U.S. 199 (2022). *Boechler* was a collection due process case involving our jurisdiction under I.R.C. section 6330(d)(1). This is a deficiency case, and our jurisdiction in such cases is governed by I.R.C. section 6213(a). *See Hallmark Rsch. Collective*, 159 T.C. at 165–66 (concluding that the Supreme Court's reasoning in *Boechler* does not apply to the 90-day period of I.R.C. section 6213(a)). Although the U.S. Court of Appeals for the Third Circuit has reached a different conclusion in *Culp v. Commissioner*, 75 F.4th 196, 205 (3d Cir. 2023) (holding that the deficiency deadline under section 6213(a) is nonjurisdictional), absent a stipulation to the contrary, this case is appealable to the U.S. Court of Appeals for the Fourth Circuit, *see* I.R.C. §7482(b)(1). In *Sanders v. Commissioner*, 161 T.C., slip op. at 7–8, this Court thoroughly examined the *Culp* decision and held that we will continue treating the deficiency deadline as jurisdictional in cases appealable outside the Third Circuit.

The record in this case establishes that the Petition was not timely filed, and the Court is therefore obliged to dismiss this case for lack of jurisdiction. We have no authority to extend the period for timely filing. *Hallmark Rsch. Collective v. Commissioner,* 159 T.C. at 166-167*; Axe v. Commissioner,* 58 T.C. 256, 259 (1972); *Joannou v. Commissioner*, 33 T.C. 868, 869 (1960). However, although petitioners may not prosecute this case in this Court, petitioners may still pursue an administrative resolution of their 2020 tax liability directly with the Internal Revenue Service. Also, another remedy available to petitioners, if financially feasible, is to pay the determined amounts, file a claim for refund with the IRS, and then (if the claim is denied or not acted on for six months), file a suit for refund in the appropriate federal district court or the U.S. Court of Federal Claims. *See McCormick v. Commissioner*, 55 T.C. 138, 142 n.5 (1970).

Upon due consideration of the foregoing, it is

ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction is granted and this case is dismissed for lack of jurisdiction.

**(Signed) Kathleen Kerrigan**
**Chief Judge**

# EXHIBIT C



**Received**
07/25/24 09:29 pm

**Filed**
07/25/24

Ryan Macaulay & Andrea Macaulay,

Petitioners

v.

Commissioner of Internal Revenue

Respondent

Electronically Filed
Docket No. 2839-23
Document No. 16

# Notice of Appeal

**FORM 17**

NOTICE OF APPEAL TO COURT OF APPEALS FROM A DECISION OF THE UNITED STATES TAX COURT
(See Rules 190 and 191.)
www.ustaxcourt.gov

UNITED STATES TAX COURT
Washington, D.C.

Docket No. 2839-23

Ryan Macaulay
Andrea Macaulay
Petitioner(s)

v.

Notice of Appeal

COMMISSIONER OF INTERNAL REVENUE,
Respondent

Petrs. Ryan Macaulay & Andrea Macaulay (name all parties taking the appeal)*

appeal to the United States Court of Appeals for the Fourth Circuit from the

decision entered on 24th of April 2024 (state the date the decision was entered).

(s) [signature]

Attorney for Pro Se

Address: 2228 Jacob Way, Gambrills, MD 21054

* See Rule 3(c) of the Federal Rules of Appellate Procedure for permissible ways of identifying appellants.

Information For Self-Represented Petitioners About Filing a Notice of Appeal

Tax Court Form 17 provides the form to use in filing a notice of appeal of a Tax Court decision or dispositive order. It is important that you take the time to carefully read the following information and that you properly complete the notice of appeal form before filing it with the Tax Court. See Rule 190. How Appeal Taken.

Notice of Appeal in a Regular Case

If your case is a regular case, you may appeal the Tax Court's decision to one of the U.S. Courts of Appeals. A decision is a judicial determination that disposes of a case. In most cases, the Court will first issue an opinion that explains the grounds for the decision. You must wait for a decision (as opposed to the Court's opinion) to be entered by the Tax Court before you file a notice of appeal. A dispositive order is treated as a decision of the Court for purposes of appeal. See Rule 190(b).

**Important Note:** The Tax Court's decision in a small tax case cannot be appealed by the taxpayer/petitioner or by the IRS. See I.R.C. section 7463(b).

Identifying the Person(s) Taking the Appeal

All persons who wish to appeal a Tax Court decision must be identified in the first sentence of the notice of appeal. Rule 3(c) of the Federal Rules of Appellate Procedure sets forth permissible ways of identifying appellants (i.e., the persons filing the notice of appeal) and provides in relevant part that a notice of appeal filed by a person who is self-represented is considered filed on behalf of the signer and the signer's spouse unless the notice clearly indicates otherwise.

Time For Filing a Notice of Appeal

A notice of appeal must be filed with the Tax Court within 90 days after the Tax Court decision is entered. If the IRS files a timely notice of appeal, the petitioner may file a notice of appeal within 120 after the Court's decision is entered. See Rule 190. How Appeal Taken.

How/Where to File a Notice of Appeal

A notice of appeal may be filed electronically pursuant to the Court's eFiling provisions or mailed to the U.S. Tax Court, 400 Second Street, N.W., Washington, D.C. 20217.

Filing Fee

The filing fee for a notice of appeal is set forth in the Court of Appeals Miscellaneous Fee Schedule. The Tax Court strongly encourages a party filing a notice of appeal to pay the filing fee through Pay.gov. The filing fee may also be paid by cash, check, money order or other draft made payable to the order of "Clerk, United States Tax Court".

Request for Waiver of Filing Fee

The Courts of Appeals have the sole authority to grant requests to waive the filing fee. Consequently, any request to waive the filing fee must be submitted directly to the Court of Appeals. Do not file with the Tax Court a request to waive the filing fee for a notice of appeal.

Tax Court Records

After you have filed a notice of appeal, the Tax Court will transmit the record in your case to the Court of Appeals when that court requests it. See Rule 191. Preparation Of The Record On Appeal.

Additional Filings

Once you have filed a notice of appeal, all future filings in your case should be filed with the Court of Appeals.

Assessment and Collection

The filing of a notice of appeal does not stop the IRS from assessing or collecting a deficiency redetermined by the Tax Court in its decision unless you first file a bond with the Tax Court under I.R.C. section 7485.

**UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT**

**No.** 24-1714 **Caption:** Macaulay v. Commissioner

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

**Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

**Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2), 35(b)(2) & 40(b)(1).

**Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6).

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

- [✓] this brief or other document contains 391 [*state number of*] words
- [ ] this brief uses monospaced type and contains ____________ [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

- [✓] this brief or other document has been prepared in a proportionally spaced typeface using Word for Microsoft 365 [*identify word processing program*] in Century Schoolbook [*identify font size and type style*]; **or**

- [ ] this brief or other document has been prepared in a monospaced typeface using ____________ [*identify word processing program*] in ____________ [*identify font size and type style*].

(s) Isaac B. Rosenberg

Party Name Commissioner of Internal Revenue

Dated: August 16, 2024

# CERTIFICATE OF SERVICE

**Instructions for Electronic Filers:** For persons filing electronically, CM/ECF serves all registered CM/ECF users, and no certificate of service is required for such service. A certificate of service is required from an electronic filer, however, in the following circumstances:

- To certify that a non-user of CM/ECF has been served;
- To certify that a manual filing (not available in electronic form), has been served;
- To certify that a sealed document has been served;
- To certify that a case-initiating document, such as a petition for review, petition for permission to appeal, or petition for writ of mandamus, has been served.

**Instructions for Paper Filers:** For persons filing in paper form, service must be accomplished outside CM/ECF, and a certificate of service is required for all documents.

Case No. 24-1714 Case Caption Macaulay v. Commissioner

I certify that on Aug. 16, 2024 (date), the Mot. to Dismiss Untimely Appeal for Lack of Jurisd. (document title) was served by [ ] personal delivery; [X] mail; [ ] third-party commercial carrier; or [ ] email

(with written consent) on the following persons at the addresses or email addresses shown:

(Name and Address or Email Address )

Ryan Macaulay
2228 Jacob Way
Gambrills, MD 21054

Andrea Macaulay
2228 Jacob Way
Gambrills, MD 21054

/s/ Isaac B. Rosenberg
Signature

August 16, 2024
Date